WALKER, Circuit Judge:
Plaintiffs-appellants and debtors in bankruptcy 680 Fifth Avenue Associates and 54th and Fifth Land Partners (the “Debtors”) brought this adversary proceeding seeking a declaration of the parties’ rights concerning a lien on a parcel of property with a building held by the Debtors’ estates. The lienholder is defendant-appellee Mutual Benefit Life Insurance Company (“MBLI”), a creditor in the Debtors’ bankruptcy proceedings.
The facts of this case are set out in the bankruptcy court’s opinion, familiarity with which is assumed. See In re 680 Fifth Ave. Assocs., 156 B.R. 726 (Bankr.S.D.N.Y.1993). In summary, MBLI was the owner of a parcel of land and building located at 680 Fifth Avenue, New York City. MBLI sold the land and building to a corporate purchaser that is not a party to this action, but MBLI retained a purchase money mortgage. Both the land and building, after passing through other hands, were sold to the Debtors. The Debtors took the property subject to MBLI’s mortgage, but they never personally assumed the mortgage or executed a debt instrument in favor of MBLI. After the property was originally purchased from MBLI, its value dropped. The current market value is insufficient to cover the full amount of the indebtedness.
The Debtors appeal from a judgment of the United States District Court for the Southern District of New York (Leonard B. Sand, Judge), 169 B.R. 22, affirming the decision of the bankruptcy court (Francis G. Conrad, Bankruptcy Judge). The bankruptcy court held that under 11 U.S.C. § 1111(b), MBLI has a claim against the Debtors’ estates in the full amount of the mortgage debt owed to MBLI by the original buyer, not limited to the current value of the property. The court reasoned that, notwithstanding the fact that MBLI does not have recourse against the Debtors personally under non-bankruptcy law, § 1111(b) gives MBLI a deficiency claim against the Debtors because its debt is secured by a lien on property of their estates. Like Judge Sand, we are persuaded by Judge Conrad’s thorough opinion, and affirm substantially for the reasons stated therein.
DISCUSSION
The question of statutory interpretation presented on this appeal is whether 11 U.S.C. § 1111(b) entitles a nonrecourse lien-holder who is not in privity with a Chapter 11 debtor to assert a deficiency claim against *97 the debtor’s estate. In the Debtors’ bankruptcy proceedings, which are being jointly administered, MBLI asserted a claim for the entire amount of the mortgage against the Debtors’ estates. The parties stipulated in the bankruptcy court that the purchase money mortgage held by MBLI is in default, and that MBLI’s lien is valid and enforceable. Relying on 11 U.S.C. § 1111(b), MBLI contended that its claim based on the lien was not limited to the value of the property even though MBLI made the original loan on a nonrecourse basis, and even though it is not in privity with the Debtors. The Debtors sought a declaration that MBLI’s secured claim was limited to the worth of the budding and land as determined by a valuation in bankruptcy.
As stated by the bankruptcy court, “[i]n Chapter 11, § 1111(b) determines the treatment of undersecured claims secured by liens on property of the estate.” 156 B.R. at 730. With exceptions not relevant here, § 1111(b)(1)(A) provides:
A claim secured by a lien on property of the estate shall be allowed or disallowed under section 502 of this title the same as if the holder of such claim had recourse against the debtor on account of such claim, whether or not such holder has such recourse....
Section 1111(b) allows an undersecured creditor either to elect to have its entire claim treated as secured, or to have the claim bifurcated into secured and unsecured portions, notwithstanding the fact that under 11 U.S.C. § 502(b)(1), the nonrecourse nature of the loan would otherwise bar a deficiency claim for the unsecured portion of the loan.
The impetus behind Congress’s enactment of § 1111(b) was to protect the rights of nonrecourse lienholders in Chapter 11 reorganizations. See 156 B.R. at 730-31. Specifically, in reorganizations where the debtor elects to retain the collateral property, the absence of a public sale would preclude the lienholder from bidding on the property and thereby realizing the value of its lien, and the nonrecourse nature of the debt would leave the lender without a claim for the deficiency. See id. at 730. If the property is valued by the bankruptcy court and effectively “sold” to the debtor outright at the valuation price, the worth of the underseeured lien is reduced to the current market value of the property, and, unlike the situation where he can be a successful bidder, the lienholder is unable to benefit from any unanticipated post-valuation appreciation. See 5 L. King, Collier on Bankruptcy ¶ 1111.02[2], at 1111-22 (15th ed. 1993). In addition, if the lienholder’s deficiency claim is not allowed, his participation in the bankruptcy will likewise be limited to the market value of his lien, and the debtor will more likely be able to “cram down” a plan that is unfavorable to the lienholder. See In re South Village, Inc., 25 B.R. 987, 998-99 (Bankr.D.Utah 1982) (discussing operation of § 1111(b) in cram down proceeding).
Section 1111(b) therefore implements a general rule that a claim secured by a lien on property of the estate is to be treated as giving the lienholder recourse against the debtor, whether or not recourse exists under applicable non-bankruptcy law. See In re PCH Assocs., 949 F.2d 585, 604 (2d Cir.1991); In re DRW Property Co., 57 B.R. 987, 991 (Bankr.N.D.Tex.1986). The statute thereby puts the Chapter 11 debtor who wishes to retain collateral property in the same position as a person who purchased property “subject to” a mortgage lien would face in the nonbankruptey context. Outside of bankruptcy, if the owner wanted to retain the property after the mortgage went into default it would either have to work out a satisfactory resolution of the mortgage with the lender or bid on the property at a public foreclosure sale. Section 1111(b) puts Chapter 11 debtors to the same choice of either paying off the debt or forfeiting the property, and thereby allows the debtor to retain the property and effectuate its reorganization, but without frustrating the lienholder’s rights. By giving the lienholder recourse against the debtor personally for the amount of any deficiency, § 1111(b) provides the lien-holder the benefit it would otherwise obtain from its nonrecourse loan bargain — i.e., either full payment (or at least a claim against the estate for the full amount of the debt and the ability to vote on the plan to the extent of its claim), or the right to foreclose and bid on *98 the property at public auction. See In re Tampa Bay Assocs., Ltd., 864 F.2d 47, 49-50 (5th Cir.1989); In re DRW Property Co., 57 B.R. at 990-91; 5 Collier on Bankruptcy, supra, ¶1111.02[2], at 1111-31 to 1111-32.
In this ease, the bankruptcy court concluded that MBLI was entitled to the election under § 1111(b) even though it is not in privity with the Debtors. The court reasoned that § 1111(b) applies to all hen claims against property of the estate, irrespective of whether there is contractual privity with respect to the debt giving rise to the hen:
The plain meaning of § 1111(b) does not limit itself to consensual or nonconsensual hens. Moreover, § 1111(b) is not limited to nonrecourse loans or to claims where the henholder is in privity with the debtor. The only precondition to the statute’s application is a claim secured by a hen on property of the estate. Clearly, MBLI has such a hen which entitles it to be treated “as if [it] had recourse against the debtor.”
156 B.R. at 734 (alteration in original).
We agree that the absence of contractual privity between the lienholder and the debtor does not deprive the henholder of the benefits and protections of § 1111(b). Any other rule would allow the purchaser in privity with the henholder to defeat the lienholder's ability to rely on § 1111(b) simply by conveying the property, and thereby destroying contractual privity. Furthermore, regardless of whether there is privity between them, the Chapter 11 debtor would have the same ability to cash out the lienholder’s interest in the collateral property without giving the hen-holder the opportunity to bid at a pubhc sale. Section 1111(b) plainly was meant to avoid this result.
The bankruptcy court correctly determined that MBLI’s hen against property of the Debtors’ estate is a “claim” against the Debtors within the meaning of the Bankruptcy Code. See 11 U.S.C. § 102(2) (“‘claim against the debtor’ includes claim against property of the debtor”); Johnson v. Home State Bank, 501 U.S. 78, 85-87, 111 S.Ct. 2150, 2155-56, 115 L.Ed.2d 66 (1991); In re 680 Fifth Ave. Assocs., 156 B.R. at 735. While the hen, absent bankruptcy, is a nonre-course claim against the debtor’s property for the entire amount of the mortgage, under § 1111(b) the hen is treated as giving MBLI recourse against the Debtors irrespective of MBLI’s rights under non-bankruptcy law. As such, MBLI has a claim secured by a hen on property of the estate, and is entitled to the benefit of the § 1111(b) election.
Affirmed.