FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN RE JAMES HARRY SALAMON; JEANNE FIXLER SALAMON, *Debtors*, | No. 15-60031 BAP No. 14-1334 |
| PETER J. MASTAN, Chapter 7 Trustee, *Appellant*, | OPINION |
| v. | |
| JAMES HARRY SALAMON; JEANNE FIXLER SALAMON, *Appellees.* | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Kirscher, Pappas, and Taylor, Bankruptcy Judges,
Presiding

Argued and Submitted February 8, 2017
Pasadena, California

Filed April 20, 2017

Before:  Mary M. Schroeder, Andre M. Davis,[*]
and Mary H. Murguia, Circuit Judges.

Opinion by Judge Schroeder

## SUMMARY[**]

### Bankruptcy

The panel affirmed the Bankruptcy Appellate Panel's decision affirming the bankruptcy court's order disallowing a claim in a Chapter 11 case.

Under 11 U.S.C. § 1111(b), those who hold non-recourse liens on real property are granted recourse against the bankruptcy estate upon the filing of the bankruptcy petition. Those protected are creditors who have "a claim secured by a lien on property of the estate."  The panel held that a creditor does not continue to have a right of recourse after there has been a non-judicial foreclosure, so that the property is no longer part of the estate and the liens have been extinguished.

---

[*] The Honorable Andre M. Davis, United States Circuit Judge for the Fourth Circuit, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

John N. Tedford, IV (argued) and Aaron E. De Leest, Danning Gill Diamond & Kollitz LLP,s Los Angeles, California, for Appellant.

Michael R. Totaro (argued) and Maureen J. Shanahan, Totaro & Shanahan, Pacific Palisades, California, for Appellees.

**OPINION**

SCHROEDER, Circuit Judge:

In this bankruptcy appeal we consider for the first time some of the key provisions of 11 U.S.C. § 1111(b) that apply to Chapter 11 proceedings. They provide that those who hold non-recourse liens on real property are granted recourse against the bankruptcy estate upon the filing of the bankruptcy petition. Those protected are creditors who have "a claim secured by a lien on property of the estate." The issue before us is whether the creditor continues to have a right of recourse after there has been a non-judicial foreclosure, so that the property is no longer part of the estate and the liens have been extinguished. The Bankruptcy Appellate Panel ("BAP") in a well-reasoned decision said no and we affirm. *Mastan v. Salamon (In re Salamon)*, 528 B.R. 171, 175–78 (B.A.P. 9th Cir. 2015).

**BACKGROUND**

In April of 2009, Jeanne Salamon purchased a piece of real property located at 716 South Westlake Avenue, Los Angeles, California ("the Westlake Property") from David

Behrend. The Westlake Property was already subject to two liens. Rather than fund the purchase price at the time of closing, Salamon executed a wrap-around mortgage in the amount of $1,030,000 in favor of Behrend called the "All Inclusive Note Secured by a Deed of Trust" (the "All-Inclusive Note") and funded the balance of the purchase price with a "Note Secured by Deed of Trust" ("the Note") in the amount of $325,000 in favor of Behrend. Under the terms of these notes, Salamon would make monthly payments to an entity designated by Behrend, and that entity would make monthly payments to the senior lienholders.

Behrend, the seller, filed a Chapter 11 bankruptcy petition on March 25, 2010, and on March 1, 2011, Peter Mastan, the appellant, became the Behrend estate's Chapter 11 trustee; the proceeding was later converted into a Chapter 7 bankruptcy with Mastan remaining the trustee. On June 8, 2012, Salamon, the buyer, and her husband James, the appellees, also filed a Chapter 11 bankruptcy petition. On October 3, 2012, Mastan filed a timely proof of claim on behalf of the Behrend estate for the two liens secured by the Westlake Property. On October 19, 2012, the bankruptcy court approved a stipulation between the Salamons and the most senior lienholder that lifted the stay so the senior lienholder could foreclose on the Westlake Property.

The Westlake Property was sold at a foreclosure sale on March 13, 2013 for $1,275,500. The foreclosing trustee sent Mastan, as the trustee of the seller's estate, a check for $150,560.60, representing the balance of the sale proceeds. This satisfied the whole of the All-Inclusive Note, but only part of the Note. On April 15, 2014, Mastan filed an amended proof of claim for the unsecured balance of the Note, $303,304.75. The Salamons filed a motion for an order

disallowing the amended claim on the ground that there was no longer any property in the estate on which there could be a recourse lien.  The bankruptcy court agreed and the BAP affirmed in a published opinion, holding that since Mastan no longer had liens on property of the estate, his non-recourse claim could not be transformed into a recourse claim under 11 U.S.C. § 1111(b).  *See In re Salamon*, 528 B.R. at 176–77.

## DISCUSSION

The only issue for us to decide is whether under 11 U.S.C. § 1111(b) Mastan could treat his claim based on a non-recourse lien as a recourse claim after the property in the estate had been sold.  The text of that statute in relevant part states:

> A claim secured by a lien on property of the estate shall be allowed or disallowed under section 502 of this title the same as if the holder of such claim had recourse against the debtor on account of such claim, whether or not such holder has such recourse unless:
>
> (i) the class of which such claim is a part elects . . . application of paragraph (2) of this subsection; or
>
> (ii) such holder does not have such recourse and such property is sold under section 363 of this title or is to be sold under the plan.

11 U.S.C. § 1111(b)(1)(A).

Mastan argues that whether he has a claim secured by a lien on property of the estate must be determined by looking to the situation on the date the Salamon bankruptcy was filed. According to Mastan, this is because 11 U.S.C. § 502 states that a bankruptcy court "shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition." 11 U.S.C. § 502(b). As the BAP correctly noted, the question is "whether that condition was satisfied because Mastan held such a lien on the date the Salamons' petition was filed, even though the lien no longer existed when the allowance of Mastan's claim was challenged." *In re Salamon*, 528 B.R. at 176.

Mastan asks us to interpret the phrase "property of the estate" in § 1111(b)(1)(A) as a reference to the property that existed at the time of filing the petition, and fix his rights as of that date. But neither the terms of § 1111(b)(1)(A) nor § 502 support that result. Under § 502, what must be determined as of the date of the filing of the petition is the amount of the claim. As the BAP explained, there is no case law supporting Mastan's interpretation of § 1111(b)(1)(A), and to the degree there is any case law, it is contrary to his position. The only other circuit to address this precise issue held there was no lien on property in the estate after a foreclosure. The foreclosure "extinguished the 'claim secured by a lien' necessary to invoke [section 1111(b)]." *Tampa Bay Assocs., Ltd. v. DRW Worthington, Ltd. (In re Tampa Bay Assocs., Ltd.)*, 864 F.2d 47, 51 (5th Cir. 1989).

It is true that the Fifth Circuit did not go into depth in explaining this conclusion because its primary holding was based on other grounds, which have since been undermined by an intervening Supreme Court decision. *See Law v. Siegel*, 134 S. Ct. 1188, 1196–97 (2014) (clarifying that

courts may not create non-statutory exceptions to the bankruptcy code). Other circuits, however, have emphasized the basic statutory condition that the existence of a lien on property in the estate is necessary to invoke § 1111(b). *See In re B.R. Brookfield Commons No. 1 LLC*, 735 F.3d 596, 598 (7th Cir. 2013) ("There is one prerequisite: the claim is secured by a lien on the property of the estate.") (internal quotation omitted); *680 Fifth Ave. Assocs. v. Mutual Benefit Life Ins. Co. (In re 680 Fifth Ave. Assocs.*), 29 F.3d 95, 98 (2d Cir. 1994) ("The only precondition to the statute's application is a claim secured by a lien on property of the estate.") (internal quotation and citation omitted).

The Supreme Court has made clear that courts are to apply the bankruptcy code as written so long as the "disposition required by the text is not absurd." *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004). Courts are not allowed to construct extra statutory exceptions. *See Law*, 134 S. Ct. at 1196–97. The plain language of § 1111(b) mandates that it cannot apply if the lien does not exist. As Mastan concedes, the lien no longer existed when his claim was challenged. Thus, under its plain language, § 1111(b) has no applicability to his claim.

This result is sensible, not absurd. When interpreting a provision of the bankruptcy code, we look to its "context and . . . place in the overall statutory scheme." *Danielson v. Flores (In re Flores)*, 735 F.3d 855, 859 (9th Cir. 2013) (en banc) (internal quotation and citation omitted). In a foreclosure sale, the debtor is not electing to sell the property, or retain it to benefit the estate. Rather, a creditor is electing to sell the property. The purpose of § 1111(b), however, is to "put[] the Chapter 11 debtor who wishes to retain collateral property in the same position as a person who purchased

property 'subject to' a mortgage lien would face in the non-bankruptcy context." 7 Alan N. Resnick & Henry J. Sommers, *Collier on Bankruptcy*, ¶ 1111.03[1][a] (16th Ed. 2013). The debtor cannot improve his position by filing for bankruptcy and retaining the property.

Here, the Salamons were not seeking to retain the collateral property. After they filed for bankruptcy, a creditor elected to sell it. Thus, in the context of the statutory scheme, it would make little sense to grant Mastan the creditor protections of § 1111(b), and the plain meaning of the statutory language is reinforced. Mastan is left with exactly what he bargained for in the non-bankruptcy context: a senior creditor foreclosed on the property, extinguishing Mastan's junior liens and leaving Mastan without recourse to pursue deficiency judgments against the Salamons. If anything, allowing Mastan to assert a deficiency claim against the Salamons would afford him more rights in bankruptcy than he would otherwise have under state law. *In re Costas*, 555 F.3d 790, 797 (9th Cir. 2009) (holding that the bankruptcy code "largely respects substantive state law rights, neither granting a creditor new rights in the debtor's property nor taking any away").

Under California law, the liens securing Mastan's claim were extinguished as a necessary consequence of the judicial foreclosure sale. *Thoryk v. San Diego Gas & Elec. Co.*, 225 Cal. App. 4th 386, 399 (2014). As the BAP noted, "Although Mastan's original proof of claim may have asserted a claim secured by liens on property of the estate, as recognized in the amended proof of claim Mastan filed, those liens were eliminated as a matter of law as a result of the foreclosure." *In re Salamon*, 528 B.R. at 178. Accordingly, we hold that § 1111(b)'s requirement that a creditor hold a "claim secured

by a lien on the property of the estate" means that if a creditor's claim, for any reason, ceases to be secured by a lien on property of the estate, the creditor can no longer transform a non-recourse claim into a recourse claim.

Mastan argues that under this reading, part of § 1111(b)'s language will be rendered meaningless. He points to an exception in § 1111(b), which disallows non-recourse claims when "property is sold under § 363 of this title." Mastan asserts that if there is no recourse once the property is sold at a foreclosure sale, there is no reason to create an exception providing there is no recourse after a § 363 sale. Section 363 provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The § 363 sale exception is not meaningless. A § 363 sale is a sale by the trustee of property of the estate secured by an allowed claim. Unlike a non-judicial foreclosure sale, a § 363 sale does not necessarily extinguish liens, so bankruptcy courts are authorized to order that liens be extinguished. 11 U.S.C. § 363(f). Thus, the § 363 exception serves to prevent a creditor whose liens survive a § 363 sale from seeking recourse against both the purchaser and the debtor.

We also note that Mastan had an alternate means of protecting his rights, which he chose not to pursue. As a creditor of the Salamon's bankruptcy estate, he could have objected to the relief from the automatic stay to permit the foreclosure sale if he was concerned the foreclosure sale would not adequately protect his rights. He made no such objection.

Since Mastan's claim is no longer secured by any lien on property, he cannot claim the protections of § 1111(b). Under

California law, he has no recourse for his claim, and thus, the bankruptcy court properly disallowed it.

**AFFIRMED**.